NOT DESIGNATED FOR PUBLICATION

No. 118,655

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WARREN ANTOINE ELLIOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; WENDEL W. WURST, judge. Opinion filed August 24, 2018.
Affirmed.

*Eric Fournier*, of Calihan, Brown, Burgardt & Douglass, P.A., of Garden City, for appellant.

*Brian R. Sherwood*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and
*Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., MCANANY and POWELL, JJ.

PER CURIAM:  Warren Antoine Elliott appeals his sentence following his
misdemeanor convictions of possession of drug paraphernalia, unlawful possession of a
depressant drug, and criminal trespass. Elliott's only claim on appeal is that the district
court abused its discretion by ordering him to serve a jail sentence rather than placing
him on probation. Finding no abuse of discretion, we affirm the district court's judgment.

On August 31, 2017, Elliott pled no contest to possession of drug paraphernalia
and unlawful possession of a depressant drug, each a class A misdemeanor, and criminal

1

trespass, a class B misdemeanor. At sentencing on October 12, 2017, Elliott requested that he receive a short jail sentence, such as 30-60 days, followed by probation so that he could receive drug treatment. He also told the court about a pending child in need of care case involving his daughter, and he stated that he wanted to be available to work on reintegration as a parent. The State recommended that Elliott receive the maximum sentence. After hearing arguments, the district court sentenced Elliott to two concurrent one-year jail terms for the class A misdemeanor convictions and to a consecutive term of six months in jail for the trespass conviction, for a controlling term of 18 months in jail. The district court denied probation. Elliott timely appealed his sentence.

Elliott argues that the district court erred by sentencing him to 18 months in jail rather than to a shorter sentence followed by probation. The State asserts that the district court did not abuse its discretion in ordering Elliott to serve a controlling 18-month jail sentence.

Under the Kansas Criminal Code, a district court may order a defendant to serve up to a year in jail for a class A misdemeanor conviction and up to six months in jail for a class B misdemeanor conviction. K.S.A. 2017 Supp. 21-6602(a)(1), (2). The district court's sentence here was within the statutory guidelines. For Elliott's two class A misdemeanor convictions—possession of drug paraphernalia and unlawful possession of a depressant drug—the district court ordered concurrent one-year terms in the Finney County jail. For Elliott's class B misdemeanor conviction—criminal trespass—the district court sentenced Elliott to six months in the Finney County jail, to be served consecutive to the other counts.

Judges must follow Kansas sentencing guidelines in felony cases but may sentence a defendant in a misdemeanor case in any manner the statute allows, subject only to this court's review for abuse of discretion. See *State v. McCloud*, 257 Kan. 1, 9, 891 P.2d 324, *cert. denied* 516 U.S. 837 (1995). A district court abuses its discretion when its sentence

2

is based on mistake of fact or law, or when no reasonable person would agree with it. *State v. Warrior*, 294 Kan. 484, 505, 277 P.3d 1111 (2012). The party asserting the district court abused its discretion bears the burden of showing such an abuse. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

Elliott's sole argument on appeal is that the district court's decision to sentence him to 18 months in jail, rather than a shorter term followed by probation, was unreasonable given his substance abuse problem, his desire to be involved in his daughter's life, and the Legislature's efforts to reduce the number of people incarcerated for nonviolent drug crimes. But the record reflects that Elliott's criminal history included at least 16 prior convictions, including 3 prior convictions for person felonies. When Elliott committed his current offenses, he was on probation in two other cases, including a conviction of robbery. As the district court stated at the sentencing hearing, Elliott needed to be held accountable for his crimes. The district court considered Elliott's request for a more lenient sentence, but a reasonable person could agree with the court's decision to send Elliott to jail. Thus, Elliott has failed to show that the district court abused its discretion in imposing the sentence.

Affirmed.